**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JONATHAN SHORTALL,** | ) | FILED: JUNE 18, 2008 |
| | ) | 08CV3493 |
| **Plaintiff,** | ) | JUDGE NORGLE |
| | ) | MAGISTRATE JUDGE COLE |
| **v.** | ) | **No.** |
| | ) | |
| **CITY OF CHICAGO,** | ) | PH |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, by his attorneys, brings this complaint to secure redress for the City of Chicago's unlawful conduct in connection with its violations of the Uniformed Services Employment and Reemployment Rights Act (hereinafter, "USERRA") and relevant Illinois law. Plaintiff states as follows:

***Preliminary Statement***

1. Plaintiff Jonathan Shortall is Chicago police officer who has volunteered to serve his country in Iraq with the United States National Guard. Despite such service – and, in fact, because of his military service – Officer Shortall has been discriminated against by Chicago and its police department. Specifically, Officer Shortall, while serving his country in Iraq, has been unlawfully denied a fair and reasonable opportunity to pursue his civilian career as a Chicago police officer. To be promoted as a police officer, the City required Officer Shortall to take an examination. But when the required examination was offered while Officer Shortall was serving on active duty in Iraq, the City refused to provide any reasonable opportunity for the plaintiff to sit for the examination and instead demanded that Officer Shortall somehow travel from Iraq to Qatar or Germany to take the test. Such an unreasonable requirement violates federal and state law and, in fact, discriminates against the plaintiff because of his military service.

*Nature of Action*

2. This lawsuit arises from a common scheme orchestrated by the City of Chicago (hereinafter, the "City") to deny the appropriate benefits, promotions and treatment as required under USERRA, 38 U.S.C. §4301 *et seq.*, to Shortall who, as reserve military personnel, are called to serve on active duty and then return to his job in Chicago. Specifically, USERRA requires that persons taking leave for military service "should be so restored or reemployed in such a manner as to give such person such status in the person's employment as the person would have enjoyed if such person had continued in such employment continuously from the time of such person's entering the Armed Forces until the time of such person's restoration to such employment, or reemployment." Moreover, re-entering workers are entitled to the same "seniority, status, and pay" and "prompt reemployment" – less than two weeks after re-application. *See* 38 U.S.C. § 4301.

3. Indeed, the Code of Federal Regulations, 20 CFR § 1002.191, makes clear that

> [T]he employee is entitled to reemployment in the job position that he or she would have attained with reasonable certainty if not for the absence due to uniformed service. This position is known as the escalator position. The principle behind the escalator position is that, if not for the period of uniformed service, the employee could have been promoted. . . . The escalator principle requires that the employee be reemployed in a position that reflects with reasonable certainty the pay, benefits, seniority, and other job prerequisites that he or she would have obtained if not for the period of service.

The Code even explicitly addresses the employer's obligations regarding promotional tests:

> If an opportunity for promotion, or eligibility for promotion, that the employee missed during service is based on a skills test or examination, then the employer should give him or her a reasonable amount of time to adjust to the employment position and then give the skills test or examination. . . . If the employee is successful on the makeup exam and, based on the results of that exam, there is a reasonable certainty that he or she would have been promoted, or made eligible for promotion, during the time that the employee served in the uniformed service, then the promotion or eligibility for promotion must be made effective as of the

> date it would have occurred had employment not been interrupted by uniformed service.

*See* 20 CFR § 1002.193. These provisions illustrate the City's willful and wanton violations of law. As the plaintiff describes below, the City refused to provide a fair and reasonable opportunity for the plaintiff to take the required promotional examination while on duty in Iraq or to take any "make-up" examination.

4. In addition to federal law, Illinois places other obligations upon public sector employers. Of critical importance to any public sector employee is the requirement that dependent health coverage and pension contributions must be continued during the period of military duty and any pay differentials – the difference between the employee's military pay and civilian salary – must be paid to the employee. Simply stated, USERRA and Illinois law recognize the sacrifice of the men and women who are called to serve in the military. These laws are designed to ensure that service members need not worry about his jobs – and his pay, benefits and other career opportunities – while they serve his country.[1]

5. Pursuant to mandated policy, the City has violated – and continues to violate – these lawful requirements and, as the proximate result, has caused the plaintiff substantial damages. Such damages include the loss of promotion opportunities and attendant benefits and, most sharply, the imposition of additional costs and expenses that have been borne by the

---

[1] One of the important ways that federal law seeks to protect service members while they serve his country is by altering the typical computation for limitations purposes. Specifically, 50 App. U.S.C.A. § 526(a) reads:

> (a) Tolling of statutes of limitation during military service
>
> The period of a service member's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the service member or the service member's heirs, executors, administrators, or assigns.

Moreover, 38 U.S.C. § 4323(2)(i) reads: "Inapplicability of State statute of limitations.--No State statute of limitations shall apply to any proceeding under this chapter."

plaintiff. The plaintiff now pursues this action to request injunctive relief and damages resulting from the City's illegal conduct.

***Jurisdiction and Venue***

6. This Court has jurisdiction to grant relief sought by the plaintiff pursuant to 38 U.S.C. § 4301 *et seq*. and 28 U.S.C. § 1367. Venue is proper in this district because the defendant resides here. *See* 28 U.S.C. § 1391(b).

***Parties***

7. Jonathan Shortall is a resident of Chicago, Illinois. Mr. Shortall is a Sergeant in the United States Army National Guard and a police officer with City's police department ("CPD").

8. The City of Chicago is a corporation who is an "employer" under applicable federal and state law and establishes and oversees its departments and agencies, including CPD.

***Background Allegations Common To All Counts***

9. The plaintiff is an exemplary American. He has volunteered to serve in the United States Army National Guard. In addition, the plaintiff leads a life of similar self-sacrifice in his civilian occupation –as a police officer with CPD.

10. Shortall's story is impressive. Moved by the tragic events of September 11, 2001, Shortall enlisted in the National Guard in 2002. In November 2005 he was informed that he would mobilized and stationed in Iraq. The day he was so informed, he notified his employer, CPD, of his impending deployment. Shortly thereafter, Shortall filled out the appropriate paperwork requesting a leave of absence from CPD in order to serve on active duty. That request was approved and Shortall began active duty on or around December 1, 2005. With several weeks he was stationed in Al Taqaquaddam – which is near Fallujah in the Anbarr

province, commonly referred to as the "triangle of death" by the soldiers who serve there. Officer Shortall was deployed as combat infantry and one of the "casualty replacement" soldiers.

11. In early months of 2006, after a fellow police officer and friend informed Shortall that CPD was conducting a sergeant promotional examination in March 2006, Shortall registered for the examination, which consists of two parts – a written examination and an assessment exercise. Again with the help of his friend and using the internet, Shortall paid twenty-five dollars to sit for the March 2006 written examination.

12. Soon after paying his fee, Shortall learned that the only "accommodation" CPD provided those serving on active duty in Iraq was for the soldier somehow to travel to Germany or Qatar to take the examination. As (at that time) a corporal attached to a U.S. Marines unit, Shortall could not – and frankly, would not – seek leave from that unit to travel to Qatar or Germany to take the test. For Shortall to leave Al Taqaquaddam and travel to Baghad – and then to Germany or Qatar – would have placed himself and his fellow soldiers at even greater risk of insurgent attacks.

13. Serving as a combat soldier in a unit in which every marine relies on his fellow marines for their lives and safety, Shortall could not ask his comrades to transport him through the "triangle of death" so that Shortall could sit for CPD's promotional examination. Nor did Shortall believe that subjecting himself to the additional risk of harm by taking yet another trip through hostile insurgent territory in order to sit for a promotional examination was fair or reasonable. Because the City and its police department refused to provide Shortall any other accommodation to take the sergeant's promotional examination, Shortall was not able to take the required examination.

14. Therefore, Shortall was denied a reasonable opportunity to take the Sergeant Written Examination in or after March 2006.

15. In June 2006, Shortall returned to Chicago after completing a successful tour of duty in Iraq. His service in Iraq was distinguished and he has been so recognized by the military. In addition, Shortall's service on the Chicago police force has also been distinguished. In July 2007, he was shot in the line of duty and has received appropriate commendation from CPD, Cook County and the State of Illinois. Shortall is undoubtedly a hero – but has been denied promotion to Sergeant in the Chicago Police Department because he was denied a fair opportunity to take the required promotional examination solely because he was on active duty in Iraq at the time the CPD offered the examination.

16. The City's conduct regarding the Sergeant promotional examination violates the law and unjustly discriminates against Mr. Shortall because of his status as a service member. This unlawful conduct continues and unjustly discriminates against service members.

17. The plaintiff has suffered substantial damages as a result of the City's conduct including the lost wages and benefits flowing from the promotion that the plaintiff could have and should have received but for Shortall's active duty military service – in violation of USERRA and Illinois law.

***Count I:***
***Declaratory And Injunctive Relief For Violation Of USERRA***

19. The plaintiff re-alleges and incorporates by reference paragraphs 1 through 18.

20. The City is an employer under USERRA and the plaintiff, as a police officer of the City who has been called to active duty in the National Guard, is among the persons protected under that Act.

21. The City violated USERRA – and such violations continue – by denying reasonable accommodation for Shortall.

22. As a result of these violations, the plaintiff has been denied the protection afforded by the federal statute and has been denied reasonable accommodation to pursue and advance his civilian career.

23. The plaintiff is entitled to a declaration that his rights under USERRA have been violated and that all appropriate promotions, benefits, salaries and other costs flowing from the City's illegal conduct should be bestowed on the plaintiff.

***WHEREFORE***, the plaintiff request that this Court enter judgment in his favor for the following relief against the defendant:

A. A declaration that the City's conduct violates USERRA and that the plaintiff is entitled to all reasonable damages proximately flowing from the City's illegal conduct;

B. An injunction halting the violations complained of; and

C. Such further relief that this Court deems appropriate.

***Count II:***
***Violation of 38 U.S.C. §4301 et seq.***

24. The plaintiff re-alleges and incorporates by reference paragraphs 1 through 18.

25. At all relevant times, USERRA provided the following:

> A person who is a member of, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

*See* 38 U.S.C. § 4311(a).

26. USERRA defines an "employer" as "any person, institution, organization, or other entity that pays salary or wages for work performed." *See* 38 U.S.C. § 4303(a)(A). "Uniformed service" includes the Marines and National Guard, 38 U.S.C. § 4303(16), and defines "service in the uniformed services" as "the performance of duty on a voluntary or involuntary basis in a uniformed service . . . including active duty." *See* 38 U.S.C. § 4303(13). Moreover, USERRA requires the City, as an employer, to make "reasonable efforts" to accommodate the employee returning from military service and to qualify the employee for benefits, promotions and the like that the employee would have received but for the absence caused by military service.

27. The plaintiff satisfies all applicable requirements under the Act and has conducted himself in accordance with the law. Specifically, the plaintiff's absence from the City's employ was as a result of "uniformed service" and he otherwise complies with the conditions set forth in USERRA. Moreover, the plaintiff has made appropriate demand on the City for redress, specifically for the appropriate benefits, promotions and the reasonable efforts due him, but has been repeatedly denied any relief.

28. The City violated the law by denying the plaintiff the promotions and benefits due him as a consequence of the plaintiff's absence for military service and by refusing to make reasonable efforts to assist the plaintiff to obtain such benefits, promotions and the like – including any examinations or other requirements for promotion.

29. The plaintiff suffered pecuniary damages as a result of these violations by being denied appropriate benefits and promotions and by being compelled to bear unreasonable costs to pursue, maintain and advance his civilian career while on military duty.

***WHEREFORE***, the plaintiff requests this Court to enter judgment in his favor for the following relief against the defendant:

A. Compensatory damages including all statutory damages and penalties;

B. Prejudgment interest on the value of any amounts that the plaintiff has been improperly denied;

C. An injunction halting the practices complained of;

D. Punitive damages as a result of the defendant's willful and wanton conduct;

E. Attorneys' fees, litigation expenses and court costs to the extent permitted by law; and

F. Such further relief that this Court deems appropriate.

***Count III:***
***Violation of Illinois Service Member's Tenure Act, 330 ILCS § 60/1 et seq.***

30. The plaintiff re-alleges and incorporates by reference paragraphs 1 through 18.

31. The Illinois Service Member's Employment Tenure Act, 330 ILCS §60/1 *et seq*., applies to members of the armed forces and requires units of local government to restore returning military personnel to his or her employment with appropriate increases in "status, seniority and wages." *See also* Local Government Employees Benefits Continuation Act, 50 ILCS § 140/1 (allowing for employer to pay the difference between military and governmental pay including insurance and other benefits that the employee was receiving at the time of mobilization). The Service Member's Tenure Act reads in part as follows:

> Sec. 2. As a guide to the interpretation and application of this Act, the public policy of the State is declared as follows:
>
> As a constituent commonwealth of the United States of America, the State of Illinois is dedicated to the urgent task of strengthening and expediting the national defense under the emergent conditions which are threatening the peace and security of this nation. It is the considered judgment of the General Assembly that the wage earners of Illinois who respond to their country's call to service in

> this time of crisis, are deserving of every protection of their employment status which the law may afford, and that repetition of the regrettable experience existing after the great war of 1917-18, wherein returning service men were subjected to serious discrimination with regard to tenure and other rights of employment, must be avoided, since any form of economic discrimination against returning service men is a serious menace to the entire social fabric of the United States of America and the State of Illinois.

*See* 330 ILCS § 60/2.

32. The plaintiff is among the persons sought to be protected by Illinois law. Moreover, the plaintiff is a member of the armed forces as defined by statute and has fulfilled his obligations under 330 ILCS §60/1 *et seq*. Specifically, Shortall was denied an opportunity to take the required promotional examination during active military service and, thus, when he returned from active duty, he was denied the rightful promotions and benefits he could have and should have been able to receive. He provided evidence (specifically, his orders) demonstrating satisfactory completion of his term of active duty and the City was fully aware of such orders. Despite such evidence of satisfactory completion of duty, the City still refused to provide the plaintiff with the promotions and benefits to which he were entitled.

33. The City violated the law by denying the plaintiff the promotion and benefits due him as a consequence of the plaintiff's absence for military service and by refusing to make reasonable efforts to assist the plaintiff to obtain such benefits, promotions and the like – including an y examinations or other requirements for promotion. Specifically, Illinois law requires that the City restore the plaintiff to his position including the benefits and promotions he would have received but for his absence due to military service.

34. The plaintiff has suffered pecuniary damages as a result of these violations by being denied appropriate benefits and promotions and by being compelled to bear unreasonable costs to pursue, maintain and advance his civilian career while on military duty.

***WHEREFORE***, the plaintiff requests this Court to enter judgment in his favor for the following relief against the defendant:

A. Compensatory damages including all statutory damages and penalties;

B. Prejudgment interest on the value of any amounts that the plaintiff has been improperly denied;

C. An injunction halting the practices complained of;

D. Attorneys' fees, litigation expenses and court costs to the extent permitted by law; and

E. Such further relief that this Court deems appropriate.

***Count IV:***
***Violation of Illinois Military Leave of Absence Act, 5 ILCS 325/1***

35. The plaintiff re-alleges and incorporates by reference paragraphs 1 through 18

36. The Illinois Military Leave of Absence Act, 5 ILCS 325 /1, reads in relevant part as follows:

> Sec. 1. Leave of Absence.
>
> (a) Any full-time employee of the State of Illinois, a unit of local government, or a school district, other than an independent contractor, who is a member of any reserve component of the United States Armed Forces or of any reserve component of the Illinois State Militia, shall be granted leave from his or her public employment for any period actively spent in military service. . . . During these leaves, the employee's seniority and other benefits shall continue to accrue.

*See* 5 ILCS 325/1.

37. The plaintiff is among the persons sought to be protected by this Illinois statute. Specifically, the plaintiff is an employee of a unit of local government as defined by statute and has fulfilled his obligations under the law.

38. By denying Shortall a reasonable opportunity to take examination CPD required for any promotion, the defendant violated the Illinois Military Leave of Absence Act by denying Shortall the fruits of his seniority and other benefits. As a result, the City violated the law by denying the plaintiff the promotions and benefits due him as a consequence of the plaintiff's absence for military service.

39. The plaintiff has suffered pecuniary damages as a result of these violations by being denied appropriate benefits and promotions and by being compelled to bear unreasonable costs to pursue, maintain and advance his civilian career while on military duty.

***WHEREFORE***, the plaintiff requests this Court to enter judgment in his favor for the following relief against the defendant:

A Compensatory damages including all statutory damages and penalties;

B. Prejudgment interest on the value of any amounts that the plaintiff has been improperly denied;

C. An injunction halting the practices complained of;

D. Punitive damages as a result of the defendant's willful and wanton conduct;

E. Attorneys' fees, litigation expenses and court costs to the extent permitted by law; and

F. Such further relief that this Court deems appropriate.

***Count V:***
***Violation of the Illinois Human Rights Act, 775 ILCS § 5/6-102.***

40. The plaintiff re-alleges and incorporates by reference paragraphs 1 through 18.

41. The Illinois Human Rights Act reads in part as follows:

Sec. 6-102. Violations of Others Act. A person who violates the Military Leave of Absence Act, the Public Employee Armed Services Rights Act, . . . commits a civil rights violation within the meaning of this Act.

*See* 775 ILCS 5/6-102. *See also* 5 ILCS § 325/1.01. Section 5/1-102 of the Illinois Human Right Act sets forth the public policy of Illinois:

> Sec. 1-102. Declaration of Policy. It is the public policy of this State:
> (A) Freedom from Unlawful Discrimination. To secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental handicap, military status, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

*See* 775 ILCS § 5/1-102.

42. The plaintiff is among the persons sought to be protected by Illinois law and the City discriminated against the plaintiff as a result of his military status by denying the plaintiff a fair opportunity to take the required promotional examination and then, as a result, refusing to provide the plaintiff the promotions and benefits due him. These violations occurred as a consequence of the plaintiff's absence from his employment solely because of his active military service. Such discrimination is unlawful.

43. The plaintiff has suffered pecuniary damages as a result of these violations by being denied appropriate benefits and promotions and by being compelled to bear unreasonable costs to pursue, maintain and advance his civilian careers while on military duty.

***WHEREFORE***, the plaintiff requests this Court to enter judgment in his favor for the following relief against the defendant:

A Compensatory damages including all statutory damages and penalties;

B. Prejudgment interest on the value of any amounts that the plaintiff has been improperly denied;

C. An injunction halting the practices complained of;

D. Punitive damages as a result of the defendant's willful and wanton conduct;

E. Attorneys' fees, litigation expenses and court costs to the extent permitted by law; and

F. Such further relief that this Court deems appropriate.

***Jury Demand***

44. The plaintiff requests a trial by jury on all claims that may so be tried.

Dated: June 18, 2008

Respectfully submitted,

**JONATHAN SHORTALL,**
**Plaintiff,**

By: /s/ Thomas C. Cronin
One of his Attorneys

Thomas C. Cronin
James V. Capparelli
Cronin & Co., Ltd.
77 West Wacker Dr., Ste. 4800
Chicago, Illinois 60601
T: 312. 201.7100
F: 312.201.7101
tcc@cronincoltd.com