IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN SHORTALL,       ) | |
| ) | No. 08 C 3493 |
| Plaintiff,       ) | |
| ) | Judge Norgle |
| v.       ) | |
| ) | Magistrate Judge Cole |
| CITY OF CHICAGO,       ) | |
| ) | |
| Defendant.       ) | |

### DEFENDANT'S MOTION TO DISMISS
### PLAINTIFF'S COMPLAINT

Defendant City of Chicago ("the City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiff Jonathan Shortall ("Shortall")'s claims against the City in their entirety. In support of this motion, the City states as follows:

1. Shortall is a Chicago police officer and Sergeant in the United States Army National Guard. See Complaint, ¶ 7. He alleges that in early 2006, while he was on military duty in Iraq, he registered for the two-part 2006 Police Sergeant Examination ("the Examination"), which consists of a written examination and assessment exercise. Id., ¶11. Shortall claims that he "learned" that the only accommodation that would be provided for him would be to take the examination in Germany or Quatar. Id., ¶12. Shortall does not allege that he requested an accommodation to take any part of the Examination. Instead, his claim is that the City denied him a "reasonable opportunity" to take the written component of the 2006 Police Sergeant Examination. Id., ¶¶ 14.

2.      Shortall filed his Complaint against the City on June 18, 2008, almost two years after the alleged denial of a reasonable opportunity to take the written portion of the 2006 Sergeant Examination.  See Complaint.  In Count I of his Complaint, Shortall seeks declaratory and injunctive relief for an alleged violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA").  Id.,Count I.  In Count II, Shortall seeks compensatory and punitive damages, injunctive relief, and attorneys' fees and costs for an alleged violation of USERRA.  Id., Count II.  In Count III, Shortall seeks compensatory damages, injunctive relief, and attorneys' fees and costs for an alleged violation of the Illinois Service Member's Employment Tenure Act ("ISMETA").  Id., Count III.  In Count IV, Shortall seeks compensatory and punitive damages, injunctive relief, and attorneys' fees and costs for an alleged violation of the Illinois Military Leave of Absence Act ("IMLOAA").  Id., Count IV.  Finally, in Count V, Shortall seeks compensatory and punitive damages, injunctive relief, and attorneys' fees and costs for an alleged violation of the Illinois Human Rights Act ("IHRA").  Id., Count V.

3.      Shortall seeks punitive damages in Counts II, IV, and V of his Complaint.  Complaint, Count II prayer for relief, Count IV prayer for relief, and Count V prayer for relief.  The Court should dismiss such claims because USERRA, 38 U.S.C. § 4301, et seq., does not provide for punitive damages and because the City is immune from punitive damages in both federal and state actions.  City of Newport v. Facts Concerts, 453 U.S. 247, 271 (1981); 745 ILCS 10/2-102.

4.      Shortall waited almost two years to file his Complaint.  Under Illinois law, the statue of limitations for bringing an action under ISMETA against a municipality is one year.  745 ILCS 10/8-101; see also Paszkowski v. Metropolitan Water Reclamation District of Greater

Chicago, 213 Ill. 2d 1 (2004) (holding that the legislative intent of section 8-101 was that the Tort Immunity Act apply broadly to any possible claim against local government entities and their employees, and that the Tort Immunity Act necessarily controls over other statutes of limitation or repose). The Court should dismiss Count III of Shortall's Complaint because it is time-barred by the applicable one-year statute of limitations.

5. IMLOAA does not provide for a private right of action except under the IHRA. 5 ILCS 325/1.01. Accordingly, Counts IV and V of Shortall's Complaint are redundant, and should be treated as the same claim.

6. IMLOAA provides for regular compensation, benefits, and seniority that accrue during a military leave of absence. 5 ILCS 325/1. IMLOAA does not provide for reasonable testing accommodations. 5 ILCS 325. Therefore, the Court should dismiss Counts IV and V of Shortall's Complaint because Shortall fails to allege that he was deprived of regular compensation, benefits or seniority – i.e. the rights protected by IMLOAA – during his military leave of absence.

7. Furthermore, in order to invoke the protections of IHRA in Counts IV and V, Shortall must comply with IHRA's provisions. Talley v. Washington Inventory Service, 37 F.3d 310, 312-13 (7th Cir. 1994); Shelton v. Ernst & Young, LLP., 143 F. Supp.2d 982, 990 (N.D. Ill. 2001). Shortall fails to allege that he exhausted the administrative remedies provided in IHRA. Therefore, the Court should dismiss both Counts IV and V because this Court lacks jurisdiction over those claims.

8. Moreover, Shortall has failed to plead that he requested and was denied an accommodation in violation of USERRA, ISMETA, IMLOAA, or the IHRA   Shortall does not

allege in his Complaint that he requested a reasonable accommodation to take any part of the 2006 Sergeant Examination; nor does he plead facts that would support the legal conclusion that the City denied him an accommodation. As such, Shortall has failed to allege that he suffered a discriminatory employment action that was motivated by his military service. Therefore, the Court should dismiss the Complaint in its entirety.

9. The City incorporates its memorandum in support of this motion by reference.

WHEREFORE, for all the reasons discussed in this motion and the supporting memorandum, defendant City of Chicago respectfully requests that this Court:

(1) dismiss Shortall's claims for punitive damages in Counts II, IV, and V of plaintiff's Complaint, with prejudice, because USERRA does not provide for punitive damages and because the City is immune to such claims as a matter of law;

(2) dismiss Count III of Shortall's Complaint against the City, with prejudice, because it is barred by the applicable one-year statute of limitations;

(3) dismiss Counts IV and V of Shortall's Complaint, with prejudice, because Shortall fails to allege that he was deprived of regular compensation, benefits or seniority – i.e. the rights protected by IMLOAA through IHRA – during his military leave of absence: IMLOAA does not entitle Shortall to a testing accommodation;

(4) dismiss Counts IV and V of Shortall's Complaint, with prejudice, because Shortall has failed to allege that he exhausted the administrative remedies provided in IHRA; and

(5) dismiss Counts I and II of Shortall's Complaint, with prejudice, because Shortall failed to allege that he suffered a discriminatory employment action that was motivated by his military service as required by USERRA.

                                        Respectfully submitted,

                                        MARA S. GEORGES
                                        Corporation Counsel of the
                                        City of Chicago

                            By:    *s/Melanie Patrick Neely*
                                        MELANIE PATRICK NEELY
                                        TIMOTHY SWABB
                                        Assistants Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, IL 60602
(312) 744-5114/7630